IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON KENT,

                                                                                                                  ORDER

                              Plaintiff,

                                                                                                            08-cv-141-bbc

    v.

L. HARRIS,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON KENT,

                              Plaintiff,

                                                                                                            08-cv-142-bbc

    v.

ENOCH JOHNBULL,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON KENT,

                              Plaintiff,

                                                                                                              08-cv-143-bbc

    v.

JOHN B. LINDSLEY,

1

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Simon Kent filed these three lawsuits in small claims court in the Circuit Court for Barron County, Wisconsin. Although his legal theory is far from clear, plaintiff alleged in his complaint that each of the defendants, who are agents for the Internal Revenue Service, caused him emotional distress by their efforts to collect taxes from him. When none of the defendants answered the complaint, the circuit court found them in default and entered judgment in the amount of $5220 with respect to each of them on January 25, 2008.

On March 12, 2008, the United States Department of Justice removed each of the cases to this court pursuant to §§ 1442(a)(1) and 1446. Now, the department has filed motions to "set aside" the state court judgments under Fed. R. Civ. P. 60 on the ground that the defendants were never properly served with the complaints.

The department's motion must be stayed because there are two preliminary issues that the department has failed to address. First, under § 1446(a), only "a defendant or defendants" may remove an action to federal court. Plaintiff named only individuals in his small claims actions, none of whom the department purports to be representing. The department has ignored this deficiency in its filings with this court except to say that plaintiff "failed to name the United States as a defendant even though the United States is

2

the real party in interest." Dkt. #8, at 2. But this does not help the department because § 1446(a) refers to defendants, not to "real parties in interest" or "parties that should be defendants." E.g., Adams v. Adminastar Defense Services, Inc., 901 F. Supp. 78 (D. Conn. 1995) (federal agency had no right to remove action to federal court when it was not named defendant even though it asserted that it was "real party in interest").

Second, the department has not demonstrated this court's authority to consider its Rule 60 motion. Although the department cites case law for the proposition that a federal court under some circumstances may reconsider a state court's *orders* after a removal, Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 436 (1974), it cites nothing suggesting that a district court may set aside a state court *judgment*.

The distinction is an important one. Under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), federal courts generally are prohibited from reviewing state court judgments. Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002) ("The Rooker-Feldman doctrine precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.") "In applying the Rooker-Feldman doctrine, the immediate inquiry

3

is whether the federal plaintiff seeks to set aside a state court judgment. . . . Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry." Taylor v. Federal National Mortgage Association, 374 F.3d 529, 532 (7th Cir. 2004) (internal quotations and citations omitted).

Because the department is seeking to "set aside a state court judgment," the Rooker-Feldman doctrine may apply. Although there may be valid arguments that the doctrine should not apply to a properly removed action, the department has not advanced any.

ORDER

IT IS ORDERED that

1. The United States Department of Justice may have until April 18, 2008, in which to show cause why these cases should not be remanded to state court. In particular, the department must show (1) under what authority it may remove these cases even though it is not a party to the action; and (2) why its Rule 60 motions are not barred by the Rooker-Feldman doctrine. If the department does not respond by April 18, I will remand the cases to state court.

2. If the department submits a timely response, plaintiff may have until May 2, 2008, to file a reply.

4

3. The department's Rule 60 motions are STAYED until further notice of this court.

Entered this 4th day of April, 2008.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge