IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON KENT,

                                                                   ORDER

                Plaintiff,

                                        08-cv-141-bbc

    v.

L. HARRIS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON KENT,

                Plaintiff,

                                        08-cv-142-bbc

    v.

ENOCH JOHNBULL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON KENT,

                Plaintiff,

                                        08-cv-143-bbc

    v.

JOHN B. LINDSLEY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Although these consolidated cases are still in their earliest stages, they already have an extensive history. Plaintiff filed these cases as small claims actions in state court in November 2007. In his complaints, plaintiff alleges that defendants, who are agents for the Internal Revenue Service, caused him emotional distress by attempting to collect taxes from him. When none of the defendants filed an answer, the state court entered default judgments against them in February 2008.

In March 2008, the United States of America removed the cases to this court under 28 U.S.C. § 1446 and 28 U.S.C. § 1442(a)(1), which gives federal courts jurisdiction over any civil action in which a federal officer is sued for any act involving the collection of revenue. The United States moved this court to consolidate the cases and set aside the state court judgments because none of the defendants had been properly served.

In an order dated April 7, 2008 dkt. #12, I directed the United States to show cause why the cases should not be remanded to state court for two reasons: (1) only defendants may remove cases to federal court and the United States was not a defendant in any of the cases; (2) under the Rooker-Feldman doctrine, federal courts normally are barred from setting aside state court judgments. After allowing both sides to address these issues, I concluded that defendants cured the defect in their notice of removal by clarifying that the United States had sought removal on their behalf and with their authorization. Dkt. #17.

2

In addition, I concluded that the Rooker-Feldman doctrine did not apply because defendants had never been properly served under state law. A judgment obtained without proper service of process is void and federal courts may set aside a state court judgment in such a circumstance. Price v. Wyeth Holdings Corp., 505 F.3d 624 (7th Cir. 2007). Accordingly, I granted defendants' motions to consolidate the cases and set aside the state court judgments. I gave plaintiff until August 8, 2008, to serve defendants in accordance with the Federal Rules of Civil Procedure.

Now before the court is defendants' motion to dismiss the case for plaintiff's failure to properly serve them, or, in the alternative, for plaintiff's failure to state a claim upon which relief may be granted. Defendants' motion to dismiss for lack of proper service will be denied. Defendants fault plaintiff for failing to personally serve them or leave the complaint at their home. Instead, he hired a process server to give the complaint to defendants' authorized agent, a manner of service that is permissible under Fed. R. Civ. P. 4(e)(2)(C).

This is a short lived victory for plaintiff because I must grant defendants' alternative motion for failure to state a claim. I am unaware of any cause of action that allows a disgruntled tax payer to sue IRS agents individually for collecting taxes he would rather not pay. Plaintiff alleges that defendants caused him "grief," "frustration" and "mental anguish," but he has not identified any behavior by defendants that was illegal. They were simply

3

doing their job. It is unfortunate that plaintiff was upset by the taxes he owed, but defendants may not be held liable for plaintiff's disagreement with the tax code.

Plaintiff did not file a response to defendants' motion to dismiss. Instead, he filed his own motion to remand the case to state court in light of the Rooker-Feldman doctrine. That motion will be denied. I concluded in the June 13 2008 order that the Rooker-Feldman doctrine does not apply when the state court judgment was obtained without proper service of process. Nothing in plaintiff's motion shows that this conclusion was wrong.

ORDER

IT IS ORDERED that plaintiff Simon Kent's motion to remand this case to state court. dkt. #29, is DENIED and the motion to dismiss filed by defendants L. Harris, Enoch Johnbull and John Lindsley. dkt. #26, is GRANTED. The clerk of court is directed to entered judgment in favor of defendants and close this case.

Entered this 3d day of October, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge